IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>    Plaintiff,<br><br> vs.<br><br>DAWSON COUNTY SHERIFF'S DEPARTMENT, and DEPUTY IVAN CASTELLANOS,<br><br>    Defendants. | 4:20CV3066<br><br>**MEMORANDUM & ORDER** |
| LUKE LEFEVER,<br><br>    Plaintiff,<br><br> vs.<br><br>LINCOLN COUNTY SHERIFF'S DEPT., SHERIFF JEROME KRAMER, DEPUTY ROLAND KRAMER, and DEPUTY BRETT C. SCHMIDT,<br><br>    Defendants. | 4:20CV3067<br><br>**MEMORANDUM & ORDER** |
| LUKE LEFEVER,<br><br>    Plaintiff,<br><br> vs.<br><br>NEB. STATE PATROL, and CARLOS TREVINO, Trooper;<br><br>    Defendants. | 4:20CV3068<br><br>**MEMORANDUM & ORDER** |

Plaintiff, Luke Lefever, is an inmate at the Tecumseh State Correctional Institution. On June 11, 2020, the court received and docketed three complaints from Plaintiff in which he claims Defendants used excessive force in effecting his arrest on June 4, 2018.

Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact pending before the court. Having reviewed the three complaints lodged in the above-entitled actions, the court finds that common questions of law and fact exist so as to warrant consolidation. Further, a consolidation of the above-entitled actions would provide for the best use of judicial resources.

Plaintiff has filed applications to proceed in forma pauperis ("IFP") in all three cases. (Filing No. 2 in 4:20CV3066; Filing No. 2 in 4:20CV3067; Filing No. 2 in 4:20CV3068.) The court has received a certified copy of Plaintiff's trust account information. (Filing No. 3 in 4:20CV3066; Filing No. 3 in 4:20CV3067; Filing No. 3 in 4:20CV3068.) Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

Plaintiff must pay the statutory filing fees of $350.00 for each case pursuant to. 28 U.S.C. § 1915(b).  The court is not inclined to require him to pay the filing fee in all three cases, however, as they have been consolidated. In other words, the court will only assess one filing for the consolidated action.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the court finds the initial partial filing fee is $8.26, based on an

2

average monthly account balance of $41.31. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See In re Tyler, 110 F.3d at 529-30; Jackson, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, the above-captioned cases shall be in all respects consolidated. Case No. 4:20CV3066 shall be designated the lead case and all future filings shall be made in that case.

2. Plaintiff's applications to proceed in forma pauperis (Filing No. 2 in Case No. 4:20CV3066; Filing No. 2 in Case No. 4:20CV3067; Filing No. 2 in Case No. 4:20CV3068) are granted.

3

3. On the court's own motion, the statutory filing fee is waived in Case Nos. 4:20CV3067 and 4:20CV3068. The filing fee for the consolidated action will be assessed in Case No. 4:20CV3066.

4. Plaintiff must pay an initial partial filing fee of $8.26 for all three consolidated cases within 30 days, unless the court extends the time in which he has to pay in response to a written motion.

5. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

6. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

7. The clerk's office is directed to set a pro se case management deadline in this case using the following text: July 15, 2020: initial partial filing fee payment due.

8. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

Dated this 15th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge