IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER, | **4:20CV3066** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| IVAN CASTELLANOS, et al. | |
| Defendants. | |

This matter is before the court on Plaintiff's motion for extension of time (Filing 39) and motion for miscellaneous relief (Filing 37). Defendants have not responded to either motion.

## Motion to Extend

Plaintiff's motion for extension of time was filed on July 26, 2021.[1] Plaintiff requests "120 days extension [*sic*] of time, or until November 22nd, 2021," to reply to Defendants' Answers (Filings 27, 30) and Motions to Dismiss (Filings 28, 31).[2]

1.  Extension of Time to Reply to Answers

Under the Federal Rules of Civil Procedure, a plaintiff is not permitted to reply to an answer unless ordered by the court. *Traylor v. Black, Sivalls & Bryson*, 189 F.2d 213, 216 (8th Cir. 1951); Fed. R. Civ. P. 7(b). Allegations in a pleading to which no responsive pleading is required or permitted are considered to be denied

---

[1] The motion was received and docketed on July 29, 2021, but Plaintiff is entitled to the benefit of the prison mailbox rule. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."). According to the certificate of service, the motion was posted on July 26, 2021.

[2] November 22, 2021, is 120 days after July 25, 2021.

or avoided. *Chenault v. Nebraska Farm Prod.*, 107 F. Supp. 635, 638 (D. Neb. 1952); Fed. R. Civ. P. 8(b)(6). Thus, Plaintiff's request for additional time to reply to Defendants' Answers will be denied.

      2.   Extension of Time to Respond to Motions to Dismiss

Under this court's local rules, a brief opposing a motion to dismiss must be filed and served within 21 days after the motion and supporting brief are served. NECivR 7.1(b)(1)(B).

The court's docket sheet reflects that the Motion to Dismiss filed by Defendant Ivan Castellanos in his official capacity (Filing 28), was filed and served by regular mail on April 27, 2021. Thus, adding three days for service by mail, *see* Fed. R. Civ. P. 6(d),[3] Plaintiff's opposing brief was due on May 21, 2021.

The Motion to Dismiss filed by Defendant Jerome Kramer in his official capacity (Filing 31) was filed on May 28, 2021, but was not properly served at that time. Because Plaintiff is a pro se party who is not a registered user of the court's Case Management/Electronic Case Files (CM/ECF) System, a paper copy of any document filed electronically must be served upon him by mail or other authorized means of service. *See* Fed. R. Civ. P. 5(b); NECivR 5.2. However, Plaintiff states, and has also provided evidence, that he received a copy of Defendant Kramer's Motion to Dismiss by mail on July 21, 2021. Using that date for service, Plaintiff's response to Defendant Kramer's Motion to Dismiss is August 11, 2021.

"A court may grant a party's timely motion for an extension upon a showing of good cause, *see* Fed. R. Civ. P. 6(b)(1)(A), or may for good cause grant a party's request for an extension of time 'after the time has expired if the party failed to act because of excusable neglect,' *id.* 6(b)(1)(b)." *Smith v. Miller*, No. 8:19CV298, 2020 WL 2793566, at *3 (D. Neb. May 29, 2020) (quoting *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). "It appears that the Eighth Circuit requires a finding of 'good cause' before the question of 'excusable neglect' need be considered." *Coleman v. Minneapolis Public Schools*, Case No. 18-cv-2283, 2020 WL 6042394, at *6 (D. Minn. Oct. 13, 2020) (citing

---

[3] Plaintiff admits he actually received this mailing on April 29, 2021.

*Albright*, 926 F.3d at 951); *Mendez v. Alegent Creighton Clinic*, No. 8:20CV86, 2021 WL 1424932, at *2 (D. Neb. Apr. 15, 2021).

    a.  Defendant Castellanos' Motion to Dismiss

To obtain an extension of time to respond to Defendant Castellanos' Motion to Dismiss (Filing 28), Plaintiff must show "good cause" for the extension and also show that his failure to request an extension in advance of the response deadline of May 21, 2021, was because of "excusable neglect."

"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Smith*, 2020 WL 2793566, at *3 (quoting *Albright*, 926 F.3d at 951). Plaintiff generally represents that he has been busy litigating a parallel state court action, that access to legal materials at the prison "is not a sure thing," and that he has physical disabilities. The court finds that while Plaintiff has made a sufficient showing of "good cause" for a reasonable extension of the briefing deadline,[4] 120 days is unreasonable under the circumstances. Indeed, Plaintiff is actually requesting a 6-month extension of time, until November 22, 2021, which is ridiculous.

"With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). In particular, "[e]xcusable neglect encompasses four factors: prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay. The reason for the delay is a key factor in the analysis." *Albright*, 926 F.3d at 951 (citations omitted).

Here, Plaintiff delayed more than 2 months after the May 21, 2021 deadline before requesting an extension of time, and he has not explained the reason for this delay or made a satisfactory showing of good faith, as, for example, by submitting a

---

[4] *See*, *generally*, *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980) ("Of course courts must be sensitive to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and we do not approve summary dismissal of such pro se claims without regard for these special problems.").

proposed brief along with the Motion to Extend. *See, e.g,, Sears v. Badami*, No. 4:14CV3163, 2014 WL 4915037, at \*2 (D. Neb. Sept. 30, 2014) (finding no excusable neglect for failure to submit brief on time). Plaintiff does not appear to have made any attempt to comply with the court's deadline, and his unreasonable request for an additional 6 months for briefing indicates that he is simply stalling. Although Defendant might not be prejudiced if an extension of time were to be granted, the court finds that Plaintiff has failed to make a sufficient showing of "excusable neglect" under Rule 6(b)(1)(b). Plaintiff's request for an extension of time to respond to Defendant Castellanos' Motion to Dismiss (Filing 28) will therefore be denied, and the Motion to Dismiss remains ripe for decision.

b.  Defendant Jerome Kramer's Motion to Dismiss

To obtain an extension of time to respond to Defendant Kramer's Motion to Dismiss (Filing 31), Plaintiff only needs to show "good cause" for the extension. As stated above, Plaintiff has made a sufficient showing of good cause for a reasonable extension of time, but has not shown that 120 days is reasonable. Considering the limited issues presented by the Motion to Dismiss, the court finds that allowing Plaintiff an additional 30 days for briefing would be reasonable. Thus, Plaintiff's brief in opposition to the motion to dismiss will be due on September 10, 2021.[5]

**Motion for Miscellaneous Relief**

In Filing 37, Plaintiff makes two requests.

First, he asks that Defendants be directed to serve him with paper copies of their filings. This request will be denied as unnecessary. All parties are required to comply with local and federal procedural rules; as discussed above, those rules require that Plaintiff be served with paper copies of all court filings.

Second, Plaintiff asks the court to enter a progression order. This request will also be denied. In a case such as this, which is assigned to the pro se docket, a progression order normally will not be entered until approximately 30 days after the last defendant has answered, and no discovery can be conducted before then. *See* General Order No. 2020-01 (Filing 5). Defendant Carlos Trevino has not yet filed

---

[5] Plaintiff may also file relevant evidentiary materials with his opposing brief. *See* NECivR 7.1(b)(2).

4

an answer, and the court finds no good reason to enter a progression order at this time. Also, because the pending Motions to Dismiss were filed contemporaneously with Defendants' Answers, the court is unlikely to enter a progression order before those motions have been ruled upon and the case is fully at issue on the pleadings.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Extend (Filing 39) is granted in part and denied in part, as follows:
   a. Plaintiff is granted an additional 30 days, until September 10, 2021, to file a brief in opposition to Defendant Jerome Kramer's Motion to Dismiss (Filing 31); and
   b. In all other respects, Plaintiff's motion is denied.

2. Plaintiff's Motion for Miscellaneous Relief (Filing 37) is denied in all respects.

Dated this 4th day of August 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge