IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER, | **4:20CV3066** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| IVAN CASTELLANOS, et al. | |
| Defendants. | |

On October 8, 2021, Plaintiff filed a motion for appointment of counsel (Filing 59). The motion will be denied without prejudice to reassertion at a later date.

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

While these consolidated cases involve five defendants, the claims involved are not all that complicated. Plaintiff has demonstrated an ability to plead his case and to file appropriate motions.

Plaintiff indicates he desires assistance in conducting discovery, but the deadline for filing written discovery has already passed. If Plaintiff intends to take depositions, he should be aware that he will be responsible for the cost thereof, regardless of whether he has appointed counsel. The statutory right to proceed in

forma pauperis does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case. 28 U.S.C. § 1915; *see Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).

Plaintiff makes a general complaint that he is unable to view any electronically stored material at the prison unless he has a lawyer bring a laptop. If Plaintiff has obtained some particular material through discovery that he has not been allowed to view, he should request the court's assistance to arrange a viewing.

Finally, Plaintiff complains that he is only allowed access to the prison library for eight hours a week. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 Fed. App'x at 4 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). The court has granted Plaintiff extensions of time in the past, and will continue to do so where appropriate. If, for example, Plaintiff needs more time than the standard 21 days to respond to a motion for summary judgment, whether because of prison conditions or physical impairments, he should file a motion for extension of time with the court in advance of the filing deadline.

IT IS ORDERED that Plaintiff's motion for appointment of counsel (Filing 59) is denied without prejudice.

Dated this 25th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge