IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>IVAN CASTELLANOS, et al.<br><br>　　　　　Defendants. | 4:20CV3066<br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff has filed numerous discovery documents with the court and requested that the United States Marshal be directed to serve the documents on Defendants. (Filing 61.) Plaintiff's request will be denied in all respects.

　　　　The in forma pauperis ("IFP") statute provides that officers of the court will issue and serve all process in IFP actions. *See* U.S.C. § 1915(d). The term "process" does not include discovery requests directed to a party. The statutory right to proceed IFP does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case. 28 U.S.C. § 1915; *Lightfeather v. Osborn*, No. 4:20CV3118, 2021 WL 107141, at *3 (D. Neb. Jan. 12, 2021), *appeal dismissed*, No. 21-1646, 2021 WL 4240975 (8th Cir. Apr. 1, 2021); *see Webb v. Nebraska*, No. 4:21CV3058, 2021 WL 3146222, at *2 (D. Neb. July 23, 2021). (denying IFP plaintiff's request for free service of interrogatories by United States Marshal); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing, *inter alia*, *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973)). Generally speaking, discovery should be conducted without any court involvement. Service of interrogatories, requests for admission, and requests for production of documents may be accomplished by regular mail sent to the party's last-known address. *See* Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff also asks that the discovery documents be served "electronically." While the Federal Rules of Civil Procedure provide that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing," Fed. R. Civ. P. 5(b)(2)(E), the court's local rules specify that discovery documents "must not be filed until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a). Thus, Plaintiff's unauthorized filing of discovery documents did not cause them to be served effectively on Defendants via the court's electronic-filing system. *See Webb*, 2021 WL 3146222, at *1-2 (stating that interrogatories filed with court are not deemed to be served on defendants by reason of their filing).

IT IS THEREORE ORDERED that Plaintiff's Filing 61, which the court construes as a motion for service of discovery documents, is denied in all respects.

Dated this 26th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge