IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LUKE LEFEVER,

               Plaintiff,

   vs.

IVAN CASTELLANOS, et al.,

               Defendants.

**4:20CV3066**

**MEMORANDUM
AND ORDER**

      This matter is before the court on Plaintiff's motion for extension of time (Filing 63), which, giving Plaintiff the benefit of the prison mailbox rule, was filed on November 1, 2021. Plaintiff requests that his deadline for serving discovery documents be extended from October 20, 2021, to November 8, 2021. The October 20, 2021 service deadline was established in the court's September 20, 2021 Order Setting Schedule for Progression of Case (Filing 56).[1]

      A progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence." *Smith v. Miller*, No. 8:19CV298, 2020 WL 2793566, at *1 (D. Neb. May 29, 2020); *Cent. Valley Ag Coop. v. Leonard*, No. 8:17CV379, 2019 WL 2118881, at *6 (D. Neb. May 15, 2019); *see Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 948 (8th Cir. 2012) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."); *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 717 (8th

---

[1] In accordance with the courts' standard practice in cases assigned to the pro se docket, discovery was not permitted to take place until the progression order was entered (approximately 30 days after the last defendant had answered), and the order only allowed 30 days for service of interrogatories, requests for admission, and requests for production or inspection.

Cir. 2008) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.").

Here, Plaintiff mistakenly filed discovery documents with the court and requested they be served by the United States Marshal and/or served electronically. Plaintiff sent those documents to the court by placing them in the prison mail system on October 20, 2021, which was the service deadline. (See Filing 61 at 38.) The documents were received by the court and docketed on October 25, 2021. In a Memorandum and Order entered on October 26, 2021 (Filing 62), the court denied Plaintiff's request for service and explained that his filing of discovery documents contravened the court's local rules and was not effective service. Plaintiff declares under penalty of perjury that after receiving the court's order, he mailed all of the previously filed discovery documents to their intended recipients by placing the documents in the prison mail system on November 1, 2021. (See Filing 63.) The court finds that although Plaintiff made a mistake, he acted diligently in attempting to meet the service deadline and also in taking steps to correct the mistake. Defendants have not responded to Plaintiff's motion, and thus there is no showing of prejudice on their part.

There is a split of authority as to whether a motion to modify a progression schedule that is filed after the deadline has passed must instead satisfy the "excusable neglect" standard of Rule 6(b)(1)(B). Compare *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) ("Arguably the excusable-neglect standard should apply when a party seeks to modify the scheduling order after the deadline has passed. But the plain text of Rule 16 does not make this distinction.") (citations omitted) to *Stanczyk v. Prudential Ins. Co. of Am.*, No. 15-CV-0097-LTS, 2016 WL 6304453, at *4 (N.D. Iowa Oct. 26, 2016) ("Rule 16 does not govern where, as here, a party moves to extend deadlines after the deadline has passed."). Perhaps both standards apply. *See Gilliland v. Harley-Davidson Motor Co. Grp., LLC*, No. 8:12CV384, 2015 WL 1650265, at *3 (D. Neb. Apr. 14, 2015) ("In addition to the good cause requirement, 'on motion made after the time has expired,' the court may extend time 'if the party failed to act because of excusable neglect.'"); *Mullen v. Heinkel Filtering Sys., Inc.,* No. C12-2084, 2013 WL 4766785, at *2 (N.D. Iowa Sept. 4,

2013) ("Rule 6(b) … requires, in addition to good cause, a showing that a motion to extend made after the time to act has expired resulted from 'excusable neglect.'").

"Excusable neglect" is understood to encompass situations in which the failure to comply with a deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.,* 212 F.3d 398, 403 (8th Cir. 2000). Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Id.* (internal quotation marks and citations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (internal quotation marks and citation omitted). The factors to be considered include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the … movant, and whether the movant acted in good faith." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993)).

Defendants should not be prejudiced by the short extension of time requested by Plaintiff, nor should the extension adversely impact the progress of the case. Plaintiff's motion was effectively filed just 12 days after the service deadline, and within 6 days after the court issued its October 26, 2021 Memorandum and Order, which was served on Plaintiff by regular mail. (As a pro se prisoner, Plaintiff does not receive electronic notification of court filings.) The failure to meet the service deadline was due to Plaintiff's lack of familiarity with discovery procedures, and he appears to have acted in good faith. Thus, the court finds Plaintiff has made a sufficient showing of "excusable neglect" for not requesting modification of the case progression schedule until November 1, 2021.

The court therefore will grant Plaintiff's motion for extension of time, but only until November 1, 2021. Plaintiff has requested an extension until November 8, 2021, to allow time for his mailings to reach their intended recipients, but service of written discovery is complete upon mailing. *See* Fed. R. Civ. P. 5(b)(2)(C). The court will also apply the prison mailbox rule, such that discovery documents placed in the prison mail system on November 1, 2021 (if properly addressed with sufficient postage affixed) will be deemed served on that date:

"Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006); *see Sulik v. Taney Cty.*, 316 F.3d 813, 814-15 (8th Cir. 2003), *overruled on other grounds*, 393 F.3d 765 (8th Cir. 2005) (determining that the prison mailbox rule provides that, if an inmate confined in an institution files a civil complaint, the complaint is timely if it is deposited in the institution's internal mail system on or before the last day for filing). Discovery documents are not "pleadings," *see* Fed. R. Civ. P. 7(a), nor are they to be filed until needed for trial, resolution of a motion, or on the court's order, *see* NECivR 5.4(a), but "as regards application of the [prison mailbox] rule, there is no meaningful distinction between 'service' deadlines and those for 'filing.'" *Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999)). "As with 'filing,' the pro se prisoner who submits his documents to prison authorities surrenders control earlier than the ordinary litigant. In the case of 'service,' the moment at which pro se prisoners necessarily lose control over and contact with their documents is at delivery to prison authorities, not a deposit in the public mails." *Id.* at 989 (holding that "an incarcerated pro se litigant completes 'service' under Fed. R. Civ. P. 5(b) upon submission to prison authorities for forwarding to the party to be served.").

*Cotton v. Stephens*, No. 4:18CV3138, 2020 WL 7632216, at *2 n. 5 (D. Neb. Dec. 21, 2020).

IT IS THEREFORE ORDERED that Plaintiff's motion for extension of time (filing 63) is granted, as follows: The deadline for service of interrogatories, requests for admission, and requests for production or inspection is extended, retroactively, from October 20, 2021, to November 1, 2021.

Dated this 19th day of November 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge