IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>Plaintiff,<br><br>vs.<br><br>IVAN CASTELLANOS, et al.,<br><br>Defendants. | 4:20CV3066<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on (1) Plaintiff's second motion to modify the progression schedule (Filing 66, Part 1), (2) Plaintiff's motion for reconsideration (Filing 66, Part 2), and (3) the Lincoln County Defendants' motion for extension of time to respond to discovery requests (Filing 70).

### Filing 66, Part 1

A progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence." *LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *1 (D. Neb. Nov. 19, 2021).

Plaintiff requests that deadlines established in the progression schedule be extended by 30 days because his access to the prison library is limited during the Holidays. Defendants have not made any filing in opposition to Plaintiff's motion. The court will grant Plaintiff's motion and will extend by approximately 30 days all deadlines except the November 1, 2021 deadline for serving interrogatories, requests for admission, and requests for production or inspection, inasmuch as that deadline had already passed when Plaintiff filed his motion.

## Filing 66, Part 2

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999)). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003) (citing *Broadway,* 193 F.3d at 989); *see Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005))

Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's non-final order of October 25, 2021 (Filing 60), which denied without prejudice Plaintiff's motion for appointment of counsel. Thus, Plaintiff's motion for reconsideration will be denied.

**Filing 70**

Defendants Lincoln County and Sheriff Jerome Kramer in his official capacity request an extension of time, until January 5, 2022, to respond to Plaintiff's written discovery requests because of defense counsel's scheduling issues. The court finds there is good cause for the extension and that Plaintiff will not be prejudiced since case progression deadlines are being extended at Plaintiff's request.

IT IS THEREFORE ORDERED:

1. Plaintiff's second motion to modify the progression schedule (Filing 66, Part 1), is granted. Accordingly, the court shall enter an Amended Order Setting Schedule for Progression of Case, which will supersede the progression order that was entered on September 20, 2021 (Filing 56), and previously modified on November 19, 2021 (Filing 65).

2. Plaintiff's motion for reconsideration (Filing 66, Part 2) is denied.

3. The motion for extension of time filed by Defendants Lincoln County and Sheriff Jerome Kramer in his official capacity (Filing 70) is granted, and said Defendants will have until January 5, 2022, to respond to Plaintiff's outstanding discovery requests.

Dated this 14th day of December, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge