IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>             Plaintiff,<br><br>vs.<br><br>IVAN CASTELLANOS, et al.,<br><br>             Defendants. | 4:20CV3066<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on several motions filed by Plaintiff, all of which will be denied.

### Motions for Subpoenas

      On January 7, 2022, Plaintiff filed a motion for subpoenas (Filing 82) and the court entered a Memorandum and Order (Filing 83) giving Defendants 7 days to serve Plaintiff with any written objections and to file a certificate of service with the court. On January 13, 2022, Defendants timely filed certificates of service of their objections (Filings 84, 85, 86). On January 31, 2022, Plaintiff filed an other motion for subpoenas (Filing 91) without making any showing that the objections have been resolved. *See* NECivR 45.1(b) ("No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections."). Therefore, no subpoenas will issue at this time, and Filings 82 and 91 will be denied without prejudice.

### Motion for Default

      On January 20, 2022, Plaintiff filed a motion for entry of a default judgment against Defendants Jerome Kramer, Rolland Kramer, and Brett Schmidt (Filing 87) for responding to Plaintiff's interrogatories and requests for admission one day late. The extreme sanction Plaintiff requests is clearly inappropriate. Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays, but is

not an appropriate sanction for a marginal failure to comply with time requirements. *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001); *see also Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999) ("In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party.").

An untimely objection to an interrogatory "is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The court finds good cause in this case, as Defendants have offered a reasonable explanation for the delay (see Filing 89) and Plaintiff has made no showing of prejudice.

A request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection …." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Eighth Circuit construe[s] the phrase 'on motion' generously, 'to encompass court filings that [are] not formal motions.'" *Stine Seed Co. v. A & W Agribusiness, LLC*, 862 F.3d 1094, 1102 (8th Cir. 2017) (quoting *Quasius v. Schwan Food Co.*, 596 F.3d 947, 951 (8th Cir. 2010)). Defendants' reply in opposition to Plaintiff's motion (Filing 89) includes a request that they be permitted to withdraw or amend any admissions resulting from a failure to serve their objections in a timely manner.

"[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Advisory Committee Notes to Rule 36, 1970 Amendment. Plaintiff has not made any showing of actual prejudice, either in his motion or in his reply to Defendant's opposition (Filing 95). A one-day delay cannot have interfered with Plaintiff's trial preparations, and the court is satisfied that withdrawal of the admissions will promote the presentation of the merits of the action. Consequently, any "deemed admissions" are withdrawn.

Motion for Modify Progression Schedule

Finally, on January 25, 2022,[1] Plaintiff filed a request for a 30-day extension to the progression schedule (Filing 90), citing his inability to meet the deposition deadline of January 26, 2021, and also the need to resolve Defendants' objections to his discovery requests. Defendants all object to the requested extension (see Filings 92, 93, 94), and their objections are well-taken. Plaintiff states he is unable to take the depositions because he is incarcerated and unrepresented, but there is no showing this situation will have changed in 30 days. The claimed need to resolve Defendants' objections to Plaintiff's discovery requests is also a "red herring," as Plaintiff has not filed any motion to compel discovery. In short, the court finds no good cause for granting Plaintiff another extension of time. *See* Fed. R. Civ. P. 16(b)(4).

IT IS THEREFORE ORDERED:

1. Filing 82, Plaintiff's motion for subpoenas, is denied without prejudice.

2. Filing 86, Defendants' objection to Filing 82, requires no ruling and shall be "termed" from the court's motion list by the Clerk of Court.

3. Filing 87, Plaintiff's motion for default, is denied.

4. Filing 89, Defendants' reply to Filing 87, treated as a motion, is granted, as follows:

    a. Pursuant to Fed. R. Civ. P. 33(b)(4), the court excuses any "deemed waiver" of an objection asserted by Defendants in the response they served to Plaintiff's interrogatories; and

    b. Pursuant to Fed. R. Civ. P. 36(b), any "deemed admission" to Plaintiff's requests for admission is withdrawn.

5. Filing 90, Plaintiff's motion to extend, is denied.

---

[1] This filing date gives Plaintiff the benefit of the prison mailbox rule. The motion was received by the Clerk of Court and docketed on January 31, 2022.

3

6. Filing 91, Plaintiff's (second) motion for subpoenas, is denied without prejudice.

7. Filings 92, 93, and 94, Defendants' objections to Filing 91, require no ruling and shall be "termed" from the court's motion list by the Clerk of Court.

Dated this 9th day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
