IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IVAN CASTELLANOS, et al.,<br><br>　　　　Defendants. | 4:20CV3066<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　This matter is before the court on Plaintiff's two-part "Motion to Compel Discovery," in which Plaintiff requests, first, "an order compelling defendants to produce documents requested from 'REQUESTS FOR PRODUCTION [OC] [*sic*] DOCUMENTS,'" and, second, "for the court to serve subpoenas requested in (filing 82), all related to requests on November 1st, 2021" (Filing 98).[1]

　　　　Rule 37(a) Motion to Compel Production of Documents

　　　　On October 25, 2021, Plaintiff filed numerous discovery documents with the court and requested that they be served by the United States Marshal. In addition to interrogatories and requests for admission, these documents included five sets of requests for production: (1) "Plaintiff's First Request for Production of Documents from Nebraska State Patrol" (Filing 61 at 1-7); (2) "Plaintiff's First Request for Production of Documents from Dawson County Nebraska" (Filing 61 at 8-10); (3) "Plaintiff's First Request for Production of Documents from Gothenburg P. D." (Filing 61 at 11-12); (4) "Plaintiff's First Request for Production of Documents from Lincoln County Nebraska" (Filing 61 at 13-15); and (5) "Plaintiff's First Request for Production of Documents from North Platte P. D." (Filing 61 at 16-17). Treating the filing as a motion for service of discovery documents, the court denied the motion in all respects on October 26, 2021. (See Filing 62.)

---

[1] Defendants have not responded to Plaintiff's motion, but "[f]ailure to file an opposing brief is not considered a confession of a motion …." NECivR 7.1(b)(1)(C).

In a declaration submitted in support of the pending motion to compel, Plaintiff states: "On November 1st, 2021 the plaintiff served on defendants counsel a 'REQUEST FOR PRODUCTION OF DOCUMENTS' which the plaintiff had mistakenly served the court on October 20th, 2021 (filing 61)." (Filing 100, ¶ 2.) Plaintiff further states that "Defendant Ivan Castellanos complied with plaintiffs requests" (Filing 100, ¶ 3) and that "Defendant Carlos Trevino complied with the plaintiffs 'REQUESTS FOR ADMISSIONS AND INTERROGATORIES' but neglected to provide documents requested" (Filing 100, ¶ 4). Plaintiff in another document attached to his motion admits that he did not serve counsel for Defendants Jerome Kramer, Roland Kramer, and Brett Schmidt with requests for production of documents, but only served the Lincoln County Attorney, Rebecca Harling, who is not an attorney-of-record for these defendants or for Defendant Lincoln County. (See Filing 98 at 2.) It seems, therefore, that the motion to compel is only directed at Defendant Carlos Trevino, although there is no evidence he was ever asked to produce documents. While the Nebraska Attorney General represents Mr. Trevino in this lawsuit, he is sued only in his individual capacity, and not as a Nebraska State Patrol representative.

Regardless, "[t]o curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(j); *see also* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). This rule does not contain an exception for pro se prisoners. *See Stanko v. Sanchez,* No. 8:06CV510, 2007 WL 2746859, at *2 (D. Neb. Sept. 18, 2007). Plaintiff's motion to compel does not include the required showing or certification.

Motion to Resolve Objections to Issuance of Subpoenas

Plaintiff also renews his requests for issuance of subpoenas to third-parties (see Filing 82), which the court denied without prejudice on February 9, 2022 (see Filing 96), because there was no showing that Defendants' objections had been resolved. *See* NECivR 45.1(b) ("No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties

resolve the objections."). The court had previously ordered Defendants to serve written objections by January 14, 2022 (see Filing 83), and this was accomplished by all Defendants. (See Filings 84, 85, 86). Rule 45.1(b) further provides that "[a]ny unresolved objections will be resolved by the court on appropriate motion filed in accordance with Nebraska Civil Rule 7.1." *Id.*

Liberally construing this second portion of Plaintiff's motion as a request for the court to resolve Defendants' objections, and to permit issuance of subpoenas as previously requested in Filing 82, it will be denied because Plaintiff has not shown that he engaged in personal consultation with Defendants as required by Rule 7.1. "'Personal consultation means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party. NECivR 7.1(j). Plaintiff only states that Defendants Trevino and Castellanos failed to try to resolve the objections, and shows that he sent Defendants Trevino and Castellanos, through their attorneys, written responses to their objections of on January 24, 2022. (See Filing 99 at 1, 2; Filing 100, ¶¶ 9-11.) There is no evidence he attempted to have a person-to-person conversation with them. In fact, Plaintiff states in each written response that "this is the only attempt to reach out to defense counsel to clear up your objections." (Filing 100 at 10, 13.) There is no evidence Plaintiff made any contact with counsel for the other objecting Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motion to compel discovery (Filing 98) is denied in all respects.

Dated this 8th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge