IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>IVAN CASTELLANOS, et al.,<br><br>　　　　　　Defendants. | 4:20CV3066<br><br>**MEMORANDUM<br>AND ORDER** |

　　　This matter is before the court on Plaintiff's motion for issuance of third-party subpoenas to Great Plains Health, Nebraska Medicine, and the North Platte Police Department (Filing 113), which was received by the clerk of the court and docketed on March 17, 2022. An objection to the motion was filed by the Lincoln County Defendants on March 24, 2022. Other Defendants have not responded to the motion, but they objected to an earlier motion submitted by Plaintiff (Filing 82) requesting the issuance of these same subpoenas, plus others. (See Filings 84, 85.) The Lincoln County Defendants also objected to the earlier motion. (See Filing 86.)

　　　The court denied the earlier motion without prejudice on February 9, 2022 (see Filing 96), because Plaintiff did not make a showing that the objections had been resolved. *See* NECivR 45.1(b) ("No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections."). Plaintiff's pending motion does not include such a showing, either.

　　　If Plaintiff cannot make such a showing, then, as stated in Rule 45.1(b), his appropriate course of action is to file a motion requesting the court to resolve the objections. If such a motion is filed, Plaintiff will need to provide the court with copies of the objections Defendants served upon him (which are not already on file) and to submit a short brief explaining why the subpoenas should issue. *See* NECivR 7.1(a). Defendants will then have an opportunity to respond. *See* NECivR 7.1(b).

Plaintiff should be aware that although he has been granted in forma pauperis status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the court to waive the expense requirements of Rule 45. *See French v. Cent. Credit Servs.*, No. 4:16CV1654 RLW, 2017 WL 11496851, at *1 (E.D. Mo. July 28, 2017). Rule 45 specifies that the court may require the person in whose behalf the subpoena is issued to advance the reasonable cost of producing the books, papers, documents, or tangible things. *See* Fed. R. Civ. P. 45(B)(2). Also, "if a court finds that an indigent party's requests for issuance and service of a subpoena directed to a non-party 'is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoena." *Id.*, at *2 (quoting *Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992)).

Plaintiff should be able to obtain copies of his own medical records without a subpoena. Regardless, it is not apparent he has any need for those records before trial; the extent of Plaintiff's injuries and his medical expenses are not directly at issue in the pending motions for summary judgment. If Plaintiff requests service on the North Platte Police Department by the Marshals Service, he should generally explain how the "independent investigation" by NPPD pertains to his claim and why he needs those records at this time.

IT THEREFORE ORDERED that Plaintiff's motion for subpoena service (Filing 113) is denied without prejudice to reassertion.

Dated this 31st day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge